UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID O'NEILL,<br><br>    Petitioner,<br><br>  v.<br><br>BRYAN SMITH, Warden of the Putnamville Correctional Facility,[1]<br><br>    Respondent. | No. 2:17-cv-00416-JMS-MJD |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, MCF 17-03-0351. The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot. For the reasons set forth below, the respondent's motion to dismiss, dkt. [9], is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding MCF 17-03-0351, in which he was found guilty of offense B-215 unauthorized alternation of a television. His sanctions included a written reprimand, a change in work/housing assignment, 30 days' loss of commissary privileges, 30 days' loss ECT, and a suspended sentence of a demotion in credit class. He filed the instant petition for a writ of habeas corpus on August 30, 2017. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on October 17, 2017, vacated the petitioner's disciplinary conviction and sanctions and designated the case for re-hearing.

---

[1] Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

In response to the motion to dismiss, the petitioner argues that the case is not moot because he still wants and has not been given the 6 months back pay he would have earned had he not lost his job as a result of the disciplinary action. Unfortunately for the petitioner this relief is not available in this action. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644. Here the loss of income from a prison job did not affect the petitioner's custody and no relief is warranted on this basis.

Because the petitioner's conviction and sanctions were vacated and thus can no longer affect the duration of his custody, the petitioner's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/30/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID O'NEILL
990160
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov